**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-MJ-8177-RMM

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.

JUSTIN JORDAN GARTH,

                    Defendant.
_____/

FILED BY ___SP___ D.C.
May 2, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

    Yes    X **No**

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

    Yes    X **No**

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

    Yes    X **No**

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office: (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

## UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JUSTIN JORDAN GARTH<br><br>*Defendant(s)* | )<br>)<br>) Case No. 22-MJ-8177-RMM<br>)<br>)<br>) |

FILED BY _____SP_____ D.C.

**May 2, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  03/09/2022  in the county of  Palm Beach  in the  Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) | Possession with Intent to Distribute a Controlled Substance, to wit, Fentanyl and Cocaine; |
| 18 U.S.C. §§ 922(g)(1), 924(a)(2) | Felon in Possession of Firearms and Ammunition; and, |
| 18 U.S.C. § 924(c)(1)(A) | Possession of one or more firearms in furtherance of a federal drug trafficking crime. |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Mark Finnamore, Special Agent, ATF
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date:  05/02/2022

*Judge's signature*

City and state:  West Palm Beach, Florida    Hon. Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT
## Case No. 22-mj-8177-RMM

I, Mark Finnamore, first being duly sworn, do hereby depose and state as follows:

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) United States Department of Justice (DOJ) and have been employed as such since December of 2017. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1)(e) and Title 21, United States Code.

2. Your affiant is currently employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been employed in that capacity for approximately 5 years. Prior to my employment as a Special Agent with ATF, I attended the Federal Law Enforcement Training Center for the Criminal Investigator Training Program as well as Special Agent Basic Training with ATF, where I received extensive training in arson, explosives, and firearms related investigations. In my capacity as an ATF Special Agent, I have received specialized training and experience in the investigation of federal firearms and narcotics offenses. Additionally, I have received specialized training in Firearm Interstate Nexus testimony from ATF.

3. This affidavit is submitted in support of a criminal complaint charging Justin Jordan GARTH (GARTH), with violations of: 1) knowingly and willfully possessing with the intent to distribute a controlled substance, to wit 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide (commonly known as fentanyl), in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B)(viii); 2) knowingly and willfully possessing with the intent to distribute a controlled substance, to wit more 500 grams of a mixture known to contain a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II); 3) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and 4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924 (c)(1)(A)(i). The information contained in this affidavit is based on my own personal knowledge as well as information imparted to me from other law enforcement officers and agents. This affidavit is submitted for the limited purpose of establishing probable cause. It does not purport to describe everything known to your affiant concerning the investigation.

## BACKGROUND OF INVESTIGATION

4. In or about January 2022, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) in conjunction with Homeland Security Investigations (HSI), and the West Palm Beach Police Department (WPBPD) initiated a proactive investigation into the narcotic distribution activities of GARTH in Palm Beach County, Florida within the Southern District of Florida.

## PROBABLE CAUSE

5. Starting in January 2022 through March 2022, West Palm Beach Police Department (WPBPD), narcotics agents conducted approximately seven controlled cocaine and/or fentanyl buys from GARTH utilizing a WPBPD confidential informant. Prior to the controlled buys the confidential informant made controlled calls to two phone numbers utilized by GARTH, (561) 856-7870 or (561) 720-9569, to order drugs from GARTH.

6. In the first week of March 2022, on at least two occasions WPBPD agents observed GARTH; 1) depart his residence located at 3151 South Dixie Highway, Apartment #311, West

2

Palm Beach, Palm Beach County, Southern District of Florida, and 2) drive directly to the confidential informant's location to deliver cocaine and fentanyl. On March 8, 2022, WPBPD Agent Jerrell Negron applied for and was granted a Florida state search warrant for the residence located at 3151 South Dixie Highway, Apartment #311, West Palm Beach, Palm Beach County, Southern District of Florida, by the Honorable Judge Paige Gillman.

7. On **March 9, 2022**, the WPBPD, in conjunction with HSI and ATF, executed a Florida state search warrant at GARTH'S residence located at **3151 South Dixie Highway, Apartment #311, West Palm Beach, Palm Beach County, Southern District of Florida**. Upon entry of the only bedroom in the apartment, officers discovered GARTH standing in the middle of the bedroom wearing only boxer shorts (undergarment) and attempting to put on a pair of shorts (outer garment). During the search, on the floor of the bedroom in which GARTH was originally located, immediately adjacent to the bed, investigators located a dark colored Louis Vuitton cross-body satchel that contained GARTH'S Florida Driver License, an American Express credit card and a Bank of America debit card, each in GARTH'S name, and one small green Ziploc bag that contained a substance that later field tested positive for cocaine. Your affiant notes that during previous surveillances, law enforcement agents observed GARTH wearing the aforementioned Louis Vuitton satchel and some of the clothing located in the bedroom during the execution of the search warrant.

8. In the bedroom, inside a different, larger dark Louis Vuitton bag that was located on top of a folding table, investigators discovered and seized a Glock, Model 19, 9mm semi-automatic pistol with an empty extended magazine and an empty chamber. Investigators also discovered approximately 69 suspected fentanyl capsules and approximately 5 unused hypodermic syringes with needles attached in the larger Louis Vuitton bag. Your affiant notes that

based on his training and experience, it is common for opiate/fentanyl dealers to sell new hypodermic syringes (commonly referred to as "pins") to their customers together with the controlled substance for an additional fee. It is likewise uncommon, based on your affiant's training and experience to find multiple <u>unused</u> syringes in the possession of a mere narcotics user. On the same folding table, investigators also discovered and seized more plastic bags of powders, capsules, and chunks of substances that filed tested positive for several different controlled substances. The table also held a currency counter, a blender coated with suspected drug residue, drug distribution supplies including empty gelatin capsules and miniature Ziploc style plastic baggies, commonly used for the retail distribution of controlled substances. In total, from the bedroom in which GARTH was encountered, investigators discovered and seized the following suspected controlled substances (all weights are approximate):

- 238.9 grams of fentanyl and/or fentanyl mixtures, a Schedule II controlled substance, (aggregate gross packaged weight of fentanyl contained in approximately six sandwich sized plastic baggies),
- 646.2 grams of cocaine, a Schedule II controlled substance, (aggregate gross packaged weight of cocaine contained in several sandwich sized plastic baggies and smaller postage stamp sized baggies),
- 24 grams of Oxycodone tablets, a Schedule II controlled substance, and
- 4,680 grams of marijuana, a Schedule I controlled substance.

9. Furthermore, in the bedroom in which GARTH was encountered by law enforcement, under the edge of the mattress, by the head of the bed, investigators discovered and seized:

4

- One Taurus, Millennium PT145 PRO, .45 cal. semi-automatic pistol, with nine rounds in the magazine and one round loaded in the chamber (10 rounds total), and
- One Smith & Wesson, SW40VE, .40 cal. semi-automatic pistol, with three rounds in the magazine and one round loaded in the chamber (four rounds total).

10. In a recorded post-*Miranda* interview, GARTH stated that the apartment, #311, belongs to his cousin and that he (GARTH) had been living in the apartment for about one week. GARTH further stated that he sleeps in the bedroom and that his ex-girlfriend's brother Shancello Valintine Gazich, sleeps in the living room. According to GARTH, he moved his clothing into the apartment on or about February 25, 2022.

11. In the same bedroom occupied by GARTH in which the controlled substances were discovered, on a different table that held a personal computer, agents discovered and seized a black Samsung Galaxy A32 5g cellular telephone and a black Samsung Galaxy A12 cellular telephone. Upon return to the WPBPD, investigators called (561) 856-7870 and the black Samsung Galaxy A12 received the call. When investigators called (561) 720-9569 the black Samsung Galaxy A32 5g received the call. In other words, the phones corresponding to the phones previously used by the WPBPD informant to order drugs from GARTH were recovered from the room he occupied.

12. Upon entry of the apartment, Gazich, was encountered in the bathroom of the apartment. In a recorded post-*Miranda* interview, Gazich stated that he had been living in the apartment for approximately one month and that he slept in the living room. Gazich stated that he was unaware of any firearms being in the apartment and that he had never been inside the bedroom. Interviewers asked Gazich if he was aware of any illegal drugs being in the apartment and Gazich stated, "Just a little bit of weed."

13.	NCIC records checks and court records indicate that in 2013 GARTH was convicted in Saint Lucie County, Florida, Case No. 562012CF002508AXXXXX, for possession with the intent to sell or deliver cocaine, a 2nd degree felony. In 2017, GHARTH was also convicted in Broward County, Florida, Case No. 062015CF007779A88810, for possession of a firearm by a convicted felon, a 2nd degree felony. By the nature of the Broward County conviction, your affiant submits that GARTH knows he is a convicted felon. As a result, GARTH is a convicted felon and is thus prohibited from possessing firearms and ammunition.

14.	The suspected drug evidence seized from GARTH was divided into 20 exhibits and those exhibits are pending analysis by a federally qualified drug analysis laboratory. Your affiant is aware that, according to the Controlled Substances Act, fentanyl, cocaine, and oxycodone are all schedule II substances.

15.	Your affiant, who has previously been deemed qualified and admitted as an interstate commerce expert witness in the Southern District of Florida, examined the three firearms and rounds of ammunition seized from GARTH. On the basis of your affiant's training and experience, as well as the unique manufacturers' identification marks on the aforementioned firearms and ammunition determined that the three firearms and the accompanying rounds of ammunition were manufactured outside the State of Florida, and that on the basis of those items subsequent recovery in the State of Florida, that such of necessity traveled in or affected interstate and/or foreign commerce.

## CONCLUSION

16.	WHEREFORE, based on the forgoing, you affiant believes that probable cause exists to arrest Justin Jordan GARTH, YOB – 1993, for: 1) knowingly and willfully possessing

with the intent to distribute a controlled substance, to wit 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide (commonly known as fentanyl), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); 2) knowingly and willfully possessing with the intent to distribute a controlled substance, to wit more 500 grams of a mixture known to contain a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II); 3) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and 4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924 (c)(1)(A)(i).

FURTHER YOUR AFFIANT SAITH NAUGHT.

MARK FINNAMORE
SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO, FIREARMS,
AND EXPLOSIVES

ATTESTED TO ME TELEPHONICALLY
(VIA FACETIME) BY THE APPLICANT
IN ACCORDANCE WITH THE REQUIREMENTS
OF FED. R. CRIM. P. 4.1 THIS 2nd      1:47 PM
DAY OF MAY, 2022.

HON. RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: _____JUSTIN JORDAN GARTH_____

Case No.: _____22-MJ-8177-RMM_____

### Count # 1
Possession with the Intent to Distribute a Controlled Substance, to wit, Fentanyl and Cocaine

Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)

**Max. Penalty**: 5-40 years' imprisonment; $5,000,000 fine; minimum 4 year to life term of supervised release: and, a $100.00 special assessment

### Count 2
Felon in Possession of a Firearm and Ammunition
Title 18, United States Code, Sections 922(g)(1), 924(a)(2)

**Max. Penalty**: 10 years' imprisonment; $250,000 fine; 3 year term of supervised release: and, a $100.00 special assessment.

### Count 3
Possession of a Firearm in Furtherance of a Drug Trafficking Crime
Title 18, United States Code, Section 924(c)(1)(A)

**Max. Penalty**: a 5 year mandatory minimum sentence of imprisonment to maximum life term of imprisonment, consecutive to any penalty imposed upon Count 1, a fine of $250,000, a 5 year term of supervised release, and a $100 special assessment.